# ⟨PATTERSON *against* CUMMIN.

An order to the sheriff, by a judgment creditor or his attorney, not to consider his judgment, in holding an inquisition on the defendant's real estate, will postpone that judgment to all others, then being against the defendant.

ERROR to *Mifflin* county.

There were three judgments in the Common Pleas of *Mifflin* county, against *William C. Kelly*—one of *John Patterson*, one of *John Cummin*, and one of *George Goosehorn*, having priority in the order in which they are mentioned. *Fi. fas.* were issued on the last two, which were levied upon the defendant's real estate, and when the sheriff was about to hold an inquisition thereon, he received the following notice in writing, from the attorney of *Patterson*, which was entered on the record of the judgment.

"To *Foster Milliken*, sheriff of *Mifflin* county:

You will please not have the above stated judgment considered by the inquisition, for the condemnation of *William C. Kelly's* property at this time."

The property was not condemned. *William C. Kelly* afterwards died, and the same real estate was sold by his administrator, in pursuance of an order of the Orphans' Court. The proceeds of sale was not sufficient to pay all the judgments; and the question presented were: whether the order of *Patterson's* attorney to the sheriff postponed his judgment to those of *Cummin* and *Goosehorn*. The court below (*Burnside* president) was of opinion that it did, and so rendered judgment; which, after argument in this court, by *Hall* for plaintiff in error, and *Potter contra*, was affirmed.

Judgment affirmed.